

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

Robert C. Byrd United States Courthouse　　Mailing Address
300 Virginia Street, East, Suite 4000　　Post Office Box 1713
Charleston, WV 25301　　Charleston, WV 25326-1713
Fax: (304) 347-5104　　(304) 345-2200
　　1-800-659-8726

October 13, 2011



<u>Via Fax - 412-338-9993</u>

Kenneth Haber, Esquire
Kifenderfer, Rothman & Haber
304 Ross Street, Suite 400
Pittsburgh, Pennsylvania 15219

　　Re:　<u>United States v. Dr. William F. Ryckman</u>

Dear Mr. Haber:

　　This will confirm our conversations with regard to your client, Dr. William F. Ryckman (hereinafter "Dr. Ryckman"). As a result of these conversations, it is agreed by and between the United States and Dr. Ryckman as follows:

　　1.　**CHARGING AGREEMENT.** Dr. Ryckman agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a one-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

　　2.　**RESOLUTION OF CHARGES.** Dr. Ryckman will plead guilty to a violation of 21 U.S.C. § 846 (conspiracy to misuse DEA registration number) as charged in said information.

　　3.　**LICENSE REVOCATION.** Dr. Ryckman agrees:

　　(a)　~~To surrender his Drug Enforcement Administration Certificate of Registration (DEA Form 223);~~

　　(b)　~~Not to oppose revocation of his registration to dispense controlled substances pursuant to 21 U.S.C. § 824(a) and 21 C.F.R. § 1301.45 on the ground that he has committed such acts as would render his registration under 21~~

*WFR*
Defendant's initials

Kenneth Haber, Esquire
October 13, 2011
Page 2

Re:  Dr. William F. Ryckman

~~U.S.C. § 823 inconsistent with the public interest as determined under that section; and~~

(c)  To never apply for re-registration with the Drug Enforcement Administration to dispense, prescribe or administer controlled substances.

4.  **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Dr. Ryckman will be exposed by virtue of this guilty plea is as follows:

(a)  Imprisonment for a period of up to 4 years;

(b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)  A term of supervised release of 1 year;

(d)  A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013;

(e)  Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Dr. Ryckman for a period of 1 year; and

(f)  Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

5.  **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Dr. Ryckman will tender a check or money order to the Clerk of the United States District Court for $100.00, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Dr. Ryckman will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Dr. Ryckman fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the

*WFR*
Defendant's initials

Kenneth Haber, Esquire
October 13, 2011
Page 3                              Re:  Dr. William F. Ryckman

event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Dr. Ryckman.

6.  **PAYMENT OF MONETARY PENALTIES.** Dr. Ryckman agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Dr. Ryckman further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

7.  **COOPERATION.** Dr. Ryckman will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Dr. Ryckman may have counsel present except when appearing before a grand jury.

8.  **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Dr. Ryckman, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9.  **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Dr. Ryckman for any violations of federal or state laws. The United States reserves the right to prosecute Dr. Ryckman for perjury or false statement if such a situation should occur pursuant to this agreement.

<u>WFR</u>
Defendant's initials

Kenneth Haber, Esquire
October 13, 2011
Page 4                                    Re:  Dr. William F. Ryckman

    10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Dr. Ryckman stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

    Dr. Ryckman agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried on any of the charges in the Information, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of him or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Dr. Ryckman knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Dr. Ryckman understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Dr. Ryckman agree that the following provisions of the United States Sentencing Guidelines apply to this case.

One-Count Information

    USSG 2D3.1

| | |
|---|---|
| Base offense level | 6 |
| Position of Trust | + 2 |
| Adjusted Offense Level | 8 |


Defendant's initials

Kenneth Haber, Esquire
October 13, 2011
Page 5                                          Re:   Dr. William F. Ryckman

The United States and Dr. Ryckman acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.**  The parties reserve the right to appeal the District Court's determination of the adjusted offense level, prior to consideration of acceptance of responsibility, if the District Court's determination differs from that stated in paragraph 11 above. Nonetheless, Dr. Ryckman knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 6. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 8.

Dr. Ryckman also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13.  **WAIVER OF FOIA AND PRIVACY RIGHT.**  Dr. Ryckman knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of

*WFR*
_____
Defendant's
initials

Kenneth Haber, Esquire
October 13, 2011
Page 6                                  Re:  Dr. William F. Ryckman

Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    14.  **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

- (a) Inform the Probation Office and the Court of all relevant facts and conduct;

- (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

- (c) Respond to questions raised by the Court;

- (d) Correct inaccuracies or inadequacies in the presentence report;

- (e) Respond to statements made to the Court by or on behalf of Dr. Ryckman;

- (f) Advise the Court concerning the nature and extent of Dr. Ryckman's cooperation; and

- (g) Address the Court regarding the issue of Dr. Ryckman's acceptance of responsibility.

    15.  **VOIDING OF AGREEMENT.** If either the United States or Dr. Ryckman violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    16.  **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Dr. Ryckman in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against

*WFR*
Defendant's initials

Kenneth Haber, Esquire
October 13, 2011
Page 7                                              Re:  Dr. William F. Ryckman

Dr. Ryckman in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                                R. BOOTH GOODWIN II
                                United States Attorney

                    By:         [signature]
                                JOHN J. FRAIL
                                Assistant United States Attorney

JJF/slk

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this seven-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_[signature: Dr. William F. Ryckman]_           _10/21/2011_
DR. WILLIAM F. RYCKMAN                          Date Signed
Defendant

_[signature: Kenneth Haber]_                    _11-1-11_
KENNETH HABER, ESQUIRE                          Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. _____
                                             21 U.S.C. § 846

WILLIAM F. RYCKMAN, M.D.

# I N F O R M A T I O N

The United States Attorney Charges:

From on or about February 17, 2010, to on or about February 19, 2010, at or near Williamson, Mingo County, West Virginia, and within the Southern District of West Virginia and elsewhere, defendant WILLIAM F. RYCKMAN, M.D., and other individuals known and unknown to the United States Attorney, knowingly conspired to commit offenses in violation of 21 U.S.C. § 843(a)(2), that is, knowingly and intentionally using the registration number issued to another person in the dispensing of and for the purpose of acquiring and obtaining hydrocodone, a Schedule III controlled substance, and alprazolam, also known as "Xanax," a Schedule IV controlled substance.

In violation of Title 21, United States Code, Section 846.

                                UNITED STATES OF AMERICA

                                R. BOOTH GOODWIN II
                                United States Attorney

                         By: _____
                                JOHN J. FRAIL
                                Assistant United States Attorney

"PLEA AGREEMENT EXHIBIT A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO.

WILLIAM F. RYCKMAN, M.D.

### STIPULATION OF FACTS

The United States and William F. Ryckman, M.D., ("Defendant") stipulate and agree that the facts comprising the offense of conviction in the single-count information in the Southern District of West Virginia, include the following:

1.  At all relevant times, Defendant was a duly licensed physician/medical doctor (M.D.) with his principal practice located at 35 W. 3rd Avenue, Williamson, Mingo County, West Virginia, within the Southern District of West Virginia.

2.  Defendant possessed a Drug Enforcement Administration (DEA) registration number which authorized him to prescribe controlled substances for legitimate medical purposes and within the usual course and bounds of medical practice.

3.  Defendant knew it was improper, illegal and outside the normal course of professional medical practice to allow others to utilize his DEA registration number to issue controlled substance prescriptions when he was absent from his principal practice location and had not determined that the controlled substance prescription was for a legitimate medical purpose.

4.  Defendant knew that all controlled substance prescriptions were required to be dated as of, and signed by Defendant on, the date when issued.

5.  Defendant knew that hydrocodone was a Schedule III controlled substance and alprazolam, also known as "Xanax," was a Schedule IV controlled substance.

6.  From on or about February 17, 2010, to on or about February 19, 2010, Defendant caused multiple controlled substances to be prescribed under his DEA registration to individuals who were not evaluated or seen by a physician. On February 17, 2010, individuals known to the United States Attorney at Defendant's principal practice location faxed several blank "doctors list" to

"PLEA AGREEMENT EXHIBIT B"

him at his residence in Pennsylvania, which he signed and faxed back to the known individuals. With his knowledge and authorization, the blank lists were then utilized to prescribe controlled substance medications for patients who were not evaluated or seen by Defendant. The known individuals filled in multiple patients' names and dates of birth and prescription type, strength, and quantity and faxed the prescriptions improperly authorized by Defendant to the pharmacies in order for these controlled substances to be dispensed. On February 18 and 19, 2010, when Defendant was absent from his principal practice location, patients who came to Defendant's practice location paid a cash fee and were directed to one of at least two pharmacies located in Mingo County, West Virginia, where they received controlled substance medication(s) including hydrocodone and alprazolam. Prior to the patients' arrival at the pharmacies, the pre-signed "doctors list" containing the patients' respective prescriptions was faxed by the known individuals from Defendant's principal practice location to the pharmacy with Defendant's knowledge even though he had neither seen the patient nor determined that the controlled substance prescription issued under his DEA registration was for a legitimate medical purpose. Due to the "doctors list" being blank when he received it, Defendant did not know who was receiving controlled substances or what controlled substances were being prescribed. Additionally, the patients' medical records were maintained at the principal practice location and Defendant did not have access to them when he signed the blank "doctors list" because he was in Pennsylvania.

This Stipulation of Facts does not contain each and every fact known to Defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Information, and is set forth for the limited purpose of establishing a factual basis for Defendant's guilty plea.

Stipulated and agreed to:

_William D. Ryckman MD_  10/21/2011
WILLIAM F. RYCKMAN, M.D.   Date
Defendant

_Kenneth_   11-1-11
KENNETH HABER, ESQUIRE   Date
Counsel for Defendant

_John J. Frail_   11-4-11
JOHN J. FRAIL   Date
Assistant United States Attorney

2